J-S02032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVON D. WILLIAMS | : | No. 1180 MDA 2022 |

Appeal from the PCRA Order Entered July 28, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005056-2017

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED: FEBRUARY 22, 2023**

The Commonwealth of Pennsylvania appeals from the order entered on July 28, 2022, which granted relief in favor of Appellee, Davon D. Williams, on his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. The Commonwealth argues that the PCRA court erred by giving **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020), retroactive effect to find that Appellee's conviction resulted from a violation of the Pennsylvania Constitution. After careful review, we agree and, thus, reverse.

On August 23, 2017, the Pennsylvania State Police stopped a vehicle driven by Whitney Thomas for a traffic violation. Appellee was a passenger in Thomas' vehicle. When the troopers approached the vehicle, they noticed the smell of marijuana. The troopers conducted a probable cause search of the vehicle and found 10,005 bags of heroin in the trunk.

On February 21, 2018, Appellee filed a motion to suppress evidence derived from the traffic stop. Appellee argued that the police lacked probable cause to search Thomas' vehicle. After conducting a hearing confined to the existence of probable cause, the trial court denied the motion.

On August 23, 2018, the trial court convicted Appellee at a bench trial of, *inter alia*, Possession with Intent to Distribute heroin. The court imposed a 96-to-220-month sentence of incarceration.

This Court affirmed Appellee's judgment of sentence and, on October 20, 2020, our Supreme Court denied allowance of appeal. ***Commonwealth v. Williams***, 225 A.3d 1168 (Pa. Super. filed Dec. 18, 2019) (unpublished memorandum), *appeal denied*, 240 A.3d 875. Appellee then had 90 days, until January 18, 2021, to petition the U.S. Supreme Court for a writ of *certiorari*.

On December 20, 2020, our Supreme Court issued ***Alexander***, in which the Court determined that, to comply with Article I, Section 8 of the Pennsylvania Constitution, "a showing of both probable cause and exigent circumstances [is necessary] to justify a warrantless search of an automobile." ***Alexander***, 243 A.3d at 181. The ***Alexander*** decision overruled case law that permitted the warrantless search of an automobile based solely on probable cause, without the need for exigent circumstances. ***Id.*** at 202-05.

On February 12, 2021, Appellee *pro se* filed the instant PCRA Petition, his first. On May 20, 2022, following a series of events not relevant to the instant appeal, Appellee filed a counseled amended petition raising an ***Alexander***-based claim. He argued that no exigent circumstances existed to

justify the warrantless search of Thomas' vehicle and, as a result, the police violated his rights under the Pennsylvania constitution when they conducted the warrantless search.

On July 25, 2022, after conducting a hearing, the court granted Appellee relief and vacated his conviction and sentence. The court reasoned that because our Supreme Court decided *Alexander* during the pendency of Appellee's direct appeal period, *Alexander* had retroactive effect, was controlling in Appellee's case, and mandated a finding that Appellee's conviction resulted from a violation of the Pennsylvania Constitution.

The Commonwealth timely filed a Notice of Appeal and both it and the PCRA court complied with Pa.R.A.P. 1925. The Commonwealth raises the following issue for our review:

> Whether the PCRA court erred in granting [Appellee's] PCRA petition where [A]ppellee never challenged exigency at all stages of adjudication up to and including direct appeal, but only probable cause, and thus *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020), did not apply retroactively to [A]ppellee's case on direct appeal?

Commonwealth's Br. at 4.

"We review an order granting a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013). Our review is limited to the findings of the PCRA court and the evidence of record. *Id.* "We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." *Id.*

- 3 -

Appellee's claim arises under Section 9543(a)(2)(i) of the PCRA, which affords a petitioner relief where, *inter alia*, the petitioner's conviction resulted from "[a] violation of the Constitution of this Commonwealth [that] so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i). This section of the PCRA "provides a mechanism for vindicating *existing* constitutional rights[.]" ***Commonwealth v. Fears***, 86 A.3d 795, 817 (Pa. 2014).[1] Our Supreme Court's application of this rule makes clear that the right must have existed at the time of the conviction or be retroactively applicable to the conviction. ***See Commonwealth v. Sneed***, 899 A.2d 1067, 1075 (Pa. 2006); ***Commonwealth v. Tilley***, 780 A.2d 649, 652 (Pa. 2001).

Our Supreme Court decided ***Alexander*** during the 90-day period in which Appellee could seek review by the U.S. Supreme Court. The rule, therefore, was not in existence at the time of Appellee's conviction. Moreover, ***Alexander*** is not "automatically" retroactive. ***Commonwealth v. Heidelberg***, 267 A.3d 492, 502 (Pa. Super. 2021) (*en banc*). To have retroactive effect, Appellee must have "preserved [his ***Alexander*** claim] at all stages of adjudication up to and including the direct appeal" by challenging both probable cause and exigency. ***Id.*** at 503 (citation and quotation marks

---

[1] We note that the PCRA "also provides a mechanism for implementing new constitutional rules of retroactive application, no matter when the rule is established." ***Commonwealth v. Robinson***, 82 A.3d 998, 1021 (Pa. 2013). Since ***Alexander*** is not "automatically" retroactive, this mechanism does not provide Appellee relief. ***Commonwealth v. Heidelberg***, 267 A.3d 492, 502 (Pa. Super. 2021) (*en banc*).

- 4 -

omitted). ***See also Commonwealth v. Moore***, 263 A.3d 1193, 1199 (Pa. Super. 2021) (finding waiver of ***Alexander*** claim for failure to challenge exigency at all stages of adjudication).

The PCRA court in this case acknowledged that Appellee did not challenge exigency in the trial court. PCRA Ct. Op., 10/13/22, at 10. Notwithstanding this failure, however, the court found that Appellee preserved his ***Alexander*** claim by challenging probable cause at every stage of adjudication. ***Id.*** at 6-10. The court then applied ***Alexander***, found that no exigent circumstances existed to justify the search of Thomas' vehicle, determined that the search violated the Pennsylvania Constitution, and concluded that this violation resulted in Appellee's conviction. ***See id. See also*** N.T. Hr'g, 7/25/22, at 6-7.

The record confirms that Appellee failed to challenge exigency in the trial court. Appellee did not raise an exigency challenge in his suppression motion or at the suppression hearing. ***See*** Suppression Motion, 2/21/18; N.T. Hr'g, 4/18/18. ***See also*** Post-Sentence Motion, 8/31/18, at 1-3 (requesting reconsideration of suppression motion but not challenging exigency). ***Alexander***, therefore, is not retroactively applicable to Appellee's conviction and he is not entitled to its application on collateral review. ***See Sneed***, 899 A.2d at 1075 (denying PCRA claim based on ***Batson v. Kentucky***, 476 U.S. 79 (1986), which was decided during the pendency of petitioner's direct appeal, for failure to preserve it at all stages of adjudication); ***Tilley***, 780 A.2d at 652 (same).

This finding is dispositive of Appellee's petition and should have resulted in its denial. The PCRA court's decision to grant Appellee relief notwithstanding the inapplicability of **Alexander** was legal error. As a result, we reverse the PCRA court order which granted Appellee PCRA relief and vacated his conviction and sentence.

Order reversed, conviction and judgment of sentence reinstated.


Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2023